457 P.2d 274

**The STATE of Arizona, Appellee,**

v.

**Robert SPELLMAN, Appellant.**

No. 1857.

Supreme Court of Arizona.

In Banc.

July 21, 1969.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Gary Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

## SUPPLEMENTAL OPINION

UDALL, Chief Justice:

In a motion for rehearing the public defender, on behalf of defendant Spellman, has contended that our opinion filed June 2, 1969, 104 Ariz. 438, 454 P.2d 980, was premature and that we overlooked the fact that defendant was not represented by counsel.

Counsel points out that the court below, at the time defendant's notice of appeal was filed, ordered that transcripts of the preliminary hearing and superior court trial be furnished. Neither was ever filed in this court. However, these facts do not mean that our opinion was premature. The minute entry of July 14, 1967 shows that on that date the defendant withdrew his plea of not guilty and entered a plea of "guilty" on the two counts of burglary alleged in the information, and that the Court accepted defendant's plea.

The minutes of the Court further show that on July 27th, 1967, defendant was sentenced and that thereupon the County Attorney moved to dismiss Causes No. 5659, 5919, and 5715, then pending in the Superior Court. The written judgment also shows that when defendant was sentenced the three causes named above were dismissed.

It is therefore apparent that the transcript of the preliminary hearing would serve no purpose on this appeal,—since the defendant pleaded guilty at the time of his arraignment and received all of the benefits of plea bargaining. No trial took place and hence no transcript was made in the Superior Court. Nor could the transcript of the preliminary hearing, a copy of which is on file in the office of the Clerk of the Supreme Court, be of benefit to the defendant inasmuch as the only issues raised on appeal concerned matters unrelated to

**598**

the proceedings prior to the time of the arraignment.

█ The second point raised by counsel, in the motion for rehearing, is that defendant was without assistance of counsel from and after October 8, 1968, when we granted him leave to file a supplemental brief in propria persona. The record shows that at all times since and including the preliminary hearing, the defendant has been represented by the public defender's office; this despite the fact that on October 4, 1968 the defendant filed a motion with this Court in which he stated

"that appellant did not consent to be represented by the public defender and still desires to act as his own counsel in this appeal."

The fact remains that the defendant was represented by counsel on his appeal and a brief was filed in his behalf. In our discretion we also granted his request to allow him time to file a supplemental brief in propria persona, which he has failed to do even though he was given that privilege on October 8, 1968, and has been represented by the public defender at all times since that date.

LOCKWOOD, V. C. J., and STRUCK-MEYER, McFARLAND and HAYS, JJ., concur.