476 P.2d 858

**STATE of Arizona, Appellee,**

v.

**Joel Leighton HOWARD, Appellant.**

**No. 2147.**

Supreme Court of Arizona,
In Banc.
Nov. 16, 1970.

**404**

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Atmore Baggot, Phoenix, for appellant.

HAYS, Justice.

Appellant, Joel Leighton Howard, has appealed from a judgment and sentence entered on a charge of attempted robbery.

Appellant was originally informed against for robbery, theft of motor vehicle, assault with a deadly weapon and burglary, second degree. The arraignment was conducted on July 29, 1969, at which time the public defender was appointed as appellant's counsel. A plea of not guilty was entered and all further proceedings were assigned to Judge Donald F. Froeb. Trial was set for October 1, 1969.

On September 30, 1969, an amended information was filed charging appellant with aggravated assault and burglary, second degree, with a prior conviction. Appellant moved to change his plea to guilty. Judge Froeb permitted the change of plea after he thoroughly questioned appellant and determined that his new plea was made voluntarily, that no promises of leniency had been made, that appellant had consulted with his attorney as to the consequences of pleading guilty, that appellant was fully aware of his rights and that those rights would be waived by a plea of guilty.

On October 23, 1969, the date set for imposition of sentence, appellant requested leave to withdraw his plea of guilty and to reinstate his plea of not guilty. He indicated a desire to hire a private attorney claiming that he was not being properly represented by the public defender. Although the court expressed the opinion that appellant had been well represented by counsel, it permitted appellant to withdraw his plea and enter a plea of not guilty. Further, at appellant's request, the trial was moved ahead to December 10, 1969, for the purpose of giving appellant ample time to hire his own attorney. However, appellant never did hire an attorney and he was represented by the public defender throughout all of the proceedings below.

Next, appellant moved to have his cause transferred to another judge on the ground that he could not get a fair trial before Judge Froeb because of the latter's alleged bias, interest or prejudice. This motion was granted and the case was assigned to Judge Harold D. Martin. However, the trial had to be reset for January 26, 1970.

On January 23, 1970, the Deputy Public Defender assigned to appellant's case was permitted to withdraw for good cause and another attorney from the Public Defender's office was immediately appointed to represent appellant. On the day of the trial, another amended information was filed, this time charging appellant with attempted robbery. Again, appellant indicated a desire to plead guilty. The court once more assured itself that appellant's plea was made voluntarily and intelligently and that appellant possessed a full understanding of all of his rights. Thereupon, appellant was given leave to withdraw his plea of not guilty and to enter a plea of guilty to the amended charge. On February 4, 1970, appellant was adjudged guilty of the offense charged and sentenced to the state prison for not less than 12 nor more than 15 years.

Appellant appeals on the ground that he was forced to proceed to trial with such

haste as to deprive him of a reasonable opportunity to consult with counsel and to prepare his case. He complains that because a new attorney was assigned to his case only three days before trial, counsel did not have enough time to properly prepare therefor. Appellant points out that his new attorney spoke with him only once before trial and at a time when counsel had not familiarized himself with the case. Appellant's argument also seems to imply that his counsel did not effectively represent him. We are of the opinion that these arguments are without merit.

Assuming that counsel had not familiarized himself with the case at the time he conferred with appellant, it does not necessarily follow that counsel did not do so before the day of trial. Indeed, appellant makes no express claim that his counsel did not feel prepared to go forward. The entire record is quite brief and could have been easily digested within an hour. Further, if counsel needed additional time, we entertain no doubt that he would have moved for a continuance; however, the record is devoid of any attempts by counsel or appellant to secure a continuance. The time required for adequate preparation varies greatly from case to case. What may be a reasonable time in one case may be quite unreasonable in another. The case at bar appears to be relatively simple and could have been prepared on short notice by competent counsel. There is nothing in appellant's argument to concretely establish that this was not done.

Appellant by his responses to the court on the second offer of a plea of guilty, has waived his right to now assert that his lawyer was not prepared. Having engaged in plea bargaining, the appellant appears to be dissatisfied with the bargain he obtained. This is not an appropriate basis for reversal.

A close examination of the record before us clearly indicates that appellant was effectively assisted by competent counsel at every stage of the proceedings.

Judgment of the trial court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.