541 P.2d 383

STATE of Arizona, Appellee,

v.

Charles LEE, Jr., Appellant.

No. 3222.

Supreme Court of Arizona,
En Banc.

Oct. 16, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Charles Lee, Jr., was indicted for the crime of armed robbery. A.R.S. § 13–641; § 13–643. On the morning that the trial was to commence, the judge granted the state's motion to add the allegation of a prior conviction and ruled that certain statements of Lee were voluntary and admissible. That afternoon, defense counsel indicated to the court that Lee wished to plead guilty to the charge. While the trial judge was aware that as a part of this plea, the state agreed not to proceed with the allegation of a prior conviction, the knowledge of the court is demonstrated only by the transcript of the proceedings; there was no written plea agreement filed. After extensive questioning, the court accepted the plea of guilty July 29, 1974.

Thereafter, Lee filed a motion for a change of plea in propria persona. He had been erroneously advised by an inmate of the county jail that he had 20 days in which to change his mind about pleading guilty. Hearings were held on September 13 and September 30, 1974. Lee contended that he was "tricked" by his attorney, the public defender, into thinking that he would get less of a jail term if he pled guilty. It became apparent that counsel had tried to explain to Lee that Lee would get a shorter sentence because the allegation of a prior conviction would be dropped. Lee also told the court that he had not been properly advised of his constitutional rights, but remembered the judge asking him the same questions that the judge was then asking him concerning the rights that he would waive upon a plea of guilty.

The court found that there was no basis upon which to allow Lee to withdraw his plea of guilty and sentenced him to a period of not less than 25 nor more than 35 years in the Arizona State Prison. Lee now appeals contending that the trial court failed to comply with the provisions of Rule 17, 1973 Rules of Criminal Procedure. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

This court is not inclined to find an appellant's later dissatisfaction with his plea bargain an appropriate basis for reversal. *State v. Howard,* 106 Ariz. 403, 476 P.2d 858 (1970). However, Rule 17.-4(b), 1973 Rules of Criminal Procedure, requires that "[t]he terms of a plea agreement *shall* be reduced to writing and signed by the defendant, his counsel, if any, and the prosecutor." The provisions of Rule 17 are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 17.4 is designed to guarantee that the parties, the trial court and the appellate court are all aware of the exact agreement. In the case before us, the agreement has not been properly entered into by the parties nor properly reviewed by the trial court. On this basis, Lee will be allowed to withdraw his plea of guilty and the parties placed in the status quo prior to the agreement.

The judgment is reversed for proceedings not inconsistent with the above opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.