[redacted]

549 P.2d 239

**STATE of Arizona, Appellee,**

**v.**

**Earl Gene MORRIS, Appellant.**

**Nos. 1 CA-CR 1456 to CA-CR 1458.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 11, 1976.
Rehearing Denied June 8, 1976.
Review Granted June 29, 1976.

[redacted]

[redacted]

[redacted]

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

EUBANK, Presiding Judge.

Appellant was charged with four counts of first-degree burglary and one count of grand theft. He pleaded guilty to three counts of first-degree burglary, and the other charges were dismissed. He was sentenced to serve concurrent sentences of not less than ten nor more than fifteen years for each count.

Despite the clarity of Rule 17.4, Rules of Criminal Procedure, 17 A.R.S., no written plea agreement was executed. Appellant, citing *State v. Lee*, 112 Ariz. 283, 541 P.2d 383 (1975), argues that this failure to comply with the rule necessitates that his guilty pleas be set aside.

Lee did involve a defendant who was allowed to withdraw his guilty plea in a case in which the terms of the plea agreement had not been reduced to writing. However, the absence of the written plea agreement was not the only factor mentioned in that opinion as contributing to the prejudice to the defendant. It appears in *Lee* that the defendant did not understand the terms of his plea agreement and there is no similar allegation or proof in this appeal.

Therefore, in the absence of such prejudice to the appellant, an unwritten plea agreement, although clearly poor practice and the result of a lack of attention on the part of both counsel below, will not itself constitute grounds for vacating a guilty plea.

The opinion which is more applicable to this set of circumstances is *State v. Mendiola,* 112 Ariz. 165, 540 P.2d 131 (1975), approving our opinion in 23 Ariz.App. 251, 532 P.2d 193 (1975).

Our opinion discusses the obligation of the defense attorney, as an officer of the court, to insure that the Rules of Criminal Procedure are complied with. " . . .

[E]ven when 'fundamental' error has been committed, reversal is not automatic, but rather is required only when found to be prejudicial to the defendant." *State v. Mendiola,* 23 Ariz.App. at 254, 532 P.2d at 196. No prejudice is claimed here and our review of the record shows none.

The judgment is affirmed.

HAIRE, C. J., and NELSON, J., concur.