552 P.2d 1205
**STATE of Arizona, Appellee,**

v.

**Frank GIL, Appellant.**

**No. 1 CA–CR 1593.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 22, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael Tryon, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

Pursuant to a plea agreement reached with the County Attorney, appellant pled guilty to the crime of robbery in violation of A.R.S. § 13-641 and § 13-643. He was sentenced to a term of 5 to 6 years in the Arizona State Prison.

■ On appeal, appellant argues that:

1. No factual basis for the plea existed;
2. He was not informed of the minimum prison sentence he could receive as a result of a judgment of guilt; and
3. His plea agreement was not taken in compliance with Rule 17.4, Arizona Rules of Criminal Procedure and was invalid because it did not recite all the terms of the agreement.[1]

■ Appellant argues that the requirement imposed by Rule 17.3, that a factual basis for the plea of guilty exist, was not met. A review of the extended record clearly demonstrates this claim to be without merit.

The record shows that appellant entered into the office of a gas station and requested the attendant, who was near the cash register, to hand over the money. The attendant testified at the preliminary hearing that he was afraid. Furthermore, appellant admitted his complicity in the act to the probation officer at the time the pre-sentence report was prepared. While appellant argues that "there was no showing the taking was 'by means of force or fear'," we think that such an argument is unsupportable. The preliminary hearing, the plea proceedings and the pre-sentence report all support the trial judge's finding that there was a factual basis for the plea. *State v. Rodriguez*, 112 Ariz. 193, 540 P.2d 665 (1975).

■ The written plea agreement entered into by the appellant recited that the minimum sentence he could receive was probation and the maximum was life. However, he argues on this appeal that it was the trial court's duty to inform him that *if* he was sentenced to prison, then the minimum sentence that the trial court would have to impose would be five years. Rule 17.2 states, in part:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\*   \*   \*   \*   \*   \*

"b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute; \*   \*   \*."

While the State argues that this requirement was met, because the plea agreement recited that probation was the minimum possible sentence, we think it was incumbent upon the trial court to inform the appellant of the minimum sentence which would be imposed in the event probation was not given. There is no showing in the plea agreement, or in any part of the trial court record, that the defendant was informed or knew of this statutory minimum. We think such advice is required under that part of Rule 17.2(b) which provides that the defendant be informed of the nature and range of the possible sentence for the offense, notwithstanding that probation is a viable alternative.

We believe it is appropriate in this case that there be a remand to the trial court for a determination as to whether appellant was aware, prior to the court's acceptance of his guilty plea, of the fact that if he were sentenced to prison the minimum sen-

---

1. Due to computational errors, the first two "issues" raised in appellant's opening brief are in fact non-existent. First, the information was timely filed. *See* Rule 1.3, Ariz.R. Crim.P. Second, appellant not only pled guilty without raising the issue of "speedy trial" but, in any event, pled on the last day permissible for bringing appellant to trial under Rule 8.2, Ariz.R.Crim.P.

tence that could lawfully have been imposed upon him was five years. A.R.S. § 13–643. We believe this is in keeping with the recent Arizona Supreme Court case of *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976). In *Rios*, however, the Court was dealing with only that part of Rule 17.2 which required that defendant be informed of any special conditions regarding sentence found in subsection (b) of the rule.

■ Finally, appellant argues that the plea agreement does not mention a prior felony conviction which the State alleged at the omnibus hearing. He argues that every term of the agreement must be set down in writing, *State v. Lee*, 112 Ariz. 283, 541 P.2d 383 (1975), Rule 17.4, Rules of Criminal Procedure, and that the dismissal of the appellant's prior felony conviction should have been reflected in the agreement. Alternatively, he argues that if the prior was not dismissed, then the sentence imposed was illegal under A.R.S. § 13–1649(A)(1). We think appellant's argument is without merit.

The omnibus hearing form does reflect that the State moved to amend the information. A minute entry dated April 24, 1975, the date of the hearing, recited that information regarding the "prior felony [was] to be furnished 5 working days before trial." This, however, could as easily have been referring to appellant's request set out on page 2, A, 7, of the omnibus hearing form, which requested a list of defendant's known prior convictions. Nowhere does the record reflect that the trial judge, at any point in the proceedings, actually permitted the prosecutor to amend the information to add an allegation of a prior conviction. Rule 13.5(a), Ariz.R. Crim.P. This, we think, distinguishes the instant case from that relied upon by appellant, *State v. Lee*, supra.

In *State v. Lee*, supra, the Court allowed amendment of the information to allege a prior conviction. The defendant subsequently agreed, pursuant to an alleged plea agreement to plead guilty. No written plea agreement was filed that reflected the State's alleged promise not to proceed with the allegation of the "prior." Furthermore, in *Lee*, there was at least a colorable claim of prejudice resulting from the nonfiling of the written plea agreement, because the sentence imposed indicated a likelihood that the prior, which was alleged to have been dismissed, might have influenced the sentence. Defendant, Lee, was sentenced to a term of 25 to 35 years for armed robbery.

Here, if a term of the agreement was that the prosecutor would not urge amendment of the information, so as to permit sentencing under A.R.S. § 13–1649(A)(1), we fail to see how appellant could have been prejudiced or could claim error, since the written plea agreement filed with the Court contained no allegation of a prior. In effect, if this was the bargain, appellant received exactly what he bargained for.

Moreover, we note that if the court had permitted the prosecutor to amend the information to reflect a prior conviction, that the written plea agreement would have served to again amend the information. Paragraph 3 of the signed plea agreement states:

"* * * this agreement, unless rejected or withdrawn, serves to amend the complaint, indictment, or information, to charge the offense to which the defendant pleads, without the filing of any additional pleading."

Even assuming that the trial judge had permitted the addendum of the allegation of a prior, this agreement clearly would have amended that information to allege the offense to which the appellant ultimately pled guilty. Rule 13.5(b).

The case is remanded to the trial court for a determination as to whether the defendant was aware, prior to the trial court's acceptance of his guilty plea, of the minimum sentence provision contained in A.R.S. § 13–643. The trial court is directed to inform this Court of its finding of fact. This appeal is remanded for proceedings consistent with this opinion.

OGG and NELSON, JJ., concur.