562 P.2d 382

The STATE of Arizona, Appellee,

v.

James H. CORNWALL, Appellant.

No. 1 CA–CR 1582.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 4, 1976.

Rehearing Denied Dec. 2, 1976.

Review Granted Dec. 21, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Cr. Div., Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant.

OPINION

OGG, Judge.

The appellant/defendant James H. Cornwell, pursuant to a plea bargain agreement, entered a plea of guilty to three counts of fraud in the purchase or sale of securities.

The defendant now appeals from the judgments and sentences imposed on the three counts, setting forth three questions to be determined by this court:

1. The defendant's guilty pleas were not properly accepted because the court failed to comply with 17 ARS Rules of Criminal Procedure, rule 17.4;
2. The court erred in not allowing the defendant to withdraw his guilty pleas;
3. The court erred in denying the defendant the right to be timely sentenced.

The first two questions are intertwined and can most logically be discussed together.

Rule 17.4(b) requires that the terms of a plea agreement be reduced to writing and signed by the defendant, his attorney and the prosecutor. Rule 17.4(c) requires that the trial court personally address the defendant and determine that he understands and agrees to the terms of the plea agreement, that the written document contains all the terms of the agreement and that the plea is entered in conformance with Rules 17.2 and 17.3.[1]

The defendant alleges here that the complete terms of the plea agreement were never reduced to writing and that under the authority of *State v. Lee*, 112 Ariz. 283, 541 P.2d 383 (1975), this case must be reversed. See also *State v. Morris*, 26 Ariz. App. 459, 549 P.2d 239 (1976), petition for review accepted, July 1, 1976.

In Lee the Arizona Supreme Court held that an oral plea agreement was defective. The court reasoned it was error under the particular facts of that case for the trial court to refuse defendant's request to withdraw his guilty plea when there had been no written plea agreement entered into or filed with the court in compliance with Rule 17, Arizona Rules of Criminal Procedure.

In our opinion this case is distinguishable from *State v. Lee*, supra, by the fact the plea agreement here was reduced to writing and was filed and accepted by the court. The final plea agreement pertinent to this case was signed by the defendant, his trial counsel and the Deputy Maricopa County Attorney on June 19, 1974. (The defendant has new counsel on this appeal.) Under the terms of the agreement the defendant agreed to plead guilty to three counts of fraud and the state agreed to dismiss the remaining 62 fraud counts. The parties further agreed that the defendant could receive a sentence no greater than ten years on each of the three counts.

The record further discloses that there were numerous agreements made between the state and the defendant within the time frame of this protracted case. The state did agree to recommend probation at the time of sentencing if the defendant testified for the state against the other defendants in the Great Southwest Land & Cattle Company fraud cases.

The defendant contends that this was one of the terms of the plea bargain and that it was not included in the written agreement, thus making it invalid under Rule 17.4 and *State v. Lee*, supra. The record shows this contingent promise was not part of the written agreement but was placed verbatim on the court's official record at the time of the plea. There is no affirmative showing that this promise to recommend probation was a consideration or inducement for the

1. Rule 17.4 Plea negotiations and agreements

a. *Plea Negotiations.* The parties may negotiate concerning, and reach an agreement on, any aspect of the disposition of the case. The court shall not participate in any such negotiation.

b. *Plea Agreement.* The terms of a plea agreement shall be reduced to writing and signed by the defendant, his counsel, if any, and the prosecutor. An agreement may be revoked by any party prior to its acceptance by the court.

c. *Determining the Accuracy of the Agreement and the Voluntariness and Intelligence of the Plea.* The parties shall file the agreement with the court, which shall address the defendant personally and determine that he understands and agrees to its terms, that the written document contains all the terms of the agreement, and that the plea is entered in conformance with Rules 17.2 and 17.3.

entry of the plea. Under the facts of this case we find a substantial compliance with Rule 17.4 and the mandate of *State v. Lee,* supra.

■ The defendant further alleges that the recommendation for probation made by the state was insincere and that the defendant should therefore have been allowed to withdraw his guilty pleas. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The record shows the trial court at the time of sentencing did understand the state recommended probation. The plea agreement called for a sentence no greater than ten years on each of three counts. The court sentenced defendant to not less than five nor more than ten years on counts one and two to run concurrently, and to not less than five nor more than ten years on count three to run consecutively with the sentences on counts one and two.

The defendant admits the written terms of the plea agreement were complied with and the record shows the court was aware of a probation recommendation; however, the defendant claims that any recommendation of probation by the state was not made in good faith. This allegation of bad faith was made on the grounds that the county attorney, through his actions and his public statements to the news media, indicated that he believed the defendant had perjured himself in his testimony against other codefendants.

It is very difficult for an appellate court to judge the sincerity of statements made before the trial court. The trial judge who was present at all stages of this lengthy case found there was no violation of the plea bargain agreement and refused to allow the defendant to withdraw his guilty pleas. 17 ARS Rules of Criminal Procedure, rule 17.5, specifically deals with the withdrawal of a guilty plea. The pertinent portion of this rule reads:

> The court, in its discretion, may allow withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice   .   .   .

■ The granting of a motion to withdraw a guilty plea is within the sound discretion of the trial court and in the absence of a clear abuse of discretion such ruling will not be disturbed on appeal. *State v. Ellison,* 111 Ariz. 167, 526 P.2d 706 (1974); *State v. McKesson,* 27 Ariz.App. 500, 556 P.2d 801 (filed Sept. 16, 1976).

Under the facts of this case we cannot say the trial court abused its discretion when it refused to allow the defendant to withdraw his guilty pleas.

■ Defendant further contends that the trial court committed reversible error when it failed to sentence defendant in a timely manner. The record shows that at the time the defendant entered his pleas of guilty to the three counts he also waived his right to be sentenced within 30 days as provided under 17 ARS Rules of Criminal Procedure, rule 26.3. All extensions of time were agreed to by counsel for the state and counsel for the defendant and it appears the court had good cause to grant the time extensions.

■ The granting of time extensions in the sentencing process should not be encouraged and such delays should only be granted for good cause. Under the facts of this case we find no reversible error in the sentencing procedures followed by the trial court.

The judgments and sentences are affirmed.

DONOFRIO, P. J., and FROEB, J., concur.