562 P.2d 723

**STATE of Arizona, Appellee,**

v.

**James H. CORNWALL, Appellant.**

**No. 3754-PR.**

Supreme Court of Arizona, En Banc.

March 15, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant.

HAYS, Justice.

Following a guilty plea pursuant to a plea bargain agreement, the defendant, James H. Cornwall, took an appeal to the Court of Appeals, Division One, which court affirmed the judgment and sentence. *State v. Cornwall,* 114 Ariz. 502, 562 P.2d 382 (1976). The defendant petitioned this court for review and we granted the petition.

The defendant was indicted on 65 counts of fraud in the sale of securities and one count of conspiracy. A written plea agreement was filed with the court in which the defendant agreed to plead guilty to three counts of fraud and in return the State agreed to dismiss the remaining 62 counts of fraud. The written agreement further provided that the defendant could be sentenced to a term of no greater than ten years on each of the three counts to which he plead guilty.

The record discloses, and it is undisputed, that the negotiations further resulted in an agreement between the parties that the State would recommend probation at the time of sentencing *if* the defendant testified for the State against a number of other defendants in the Great Southwest Land & Cattle Company fraud cases. This particular aspect of the negotiations was never reduced to writing and was not a part of the written agreement filed with the court. The agreement to recommend probation in return for the defendant turning State's evidence did, however, come to the court's attention at the proceedings wherein the plea was taken.

The defendant was subsequently sentenced, almost 15 months after pleading guilty, to serve not less than five nor more than ten years on counts one and two, to run concurrently, and to serve the same term on count three but this sentence to run consecutively.

The Court of Appeals addressed three issues in its opinion affirming the defendant's conviction:

1. Were the guilty pleas improperly accepted by the court because the court failed to comply with 17 A.R.S. Rules of Criminal Procedure, rule 17.4?

2. Did the court err in not allowing the defendant to withdraw his guilty pleas?

3. Did the court err in denying the defendant the right to be timely sentenced?

Because we concur in and therefore adopt the Court of Appeals resolution of the two latter issues, we will not discuss those matters in this opinion. We furthermore concur in the result reached on the first issue considered concerning the trial court's compliance with rule 17.4. However, because we wish to discuss in more detail the application of rule 17.4 to this case, we granted review.

Rule 17.4(b) requires that the terms of a plea agreement be reduced to writing.* Al-

* "b. *Plea Agreement.* The terms of a plea agreement shall be reduced to writing and signed by the defendant, his counsel, if any, and the prosecutor. An agreement may be revoked by any party prior to its acceptance by the court."

though the defendant recognizes that a plea agreement was filed with the court, it is his contention that the State's promise to recommend probation in return for the defendant's testimony against certain of the defendants was a part of the plea bargain agreement which was not reduced to writing and that therefore he must be allowed to withdraw his plea pursuant to *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975). In *Lee* it was held that a defendant must be allowed to withdraw his plea of guilty if the plea agreement under which he plead guilty was not put in the writing as required by rule 17.4(b).

The case now before us is easily distinguishable from *Lee* insofar as a written plea agreement was here in fact filed with the court. The defendant nonetheless argues that the true agreement between the State and defendant was comprised of more than that which was contained in that document. We disagree.

Here, the defendant, his counsel and the county attorney each attached their signatures to the instrument filed with the court entitled "Plea Agreement." Contained therein and immediately above the defendant's signature is a sentence that reads: "I agree to enter my plea as indicated above on the terms and conditions set forth herein." Immediately above the defense counsel's signature is a sentence that reads: "I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein." Presumably both counsel and the defendant read the instrument and were cognizant of the fact that the plea was entered only under the agreement spelled out therein. Moreover, counsel specifically stated to the court that the written agreement embodied an accurate statement of the deal and the defendant stated in open court that no other promises were made that influenced his decision to plead guilty.

In *State v. Lee, supra,* we said that "Rule 17.4 is designed to guarantee that the parties, the trial court and the appellate court are all aware of the *exact* agreement." (Emphasis added). 112 Ariz. at 284, 541 P.2d at 384. The responsibility of fulfilling the mandate of rule 17.4(b) and reducing the *exact* agreement to writing, however, does not, as appellant seems to believe, fall exclusively on the State. As our Court of Appeals stated in an opinion approved and adopted by this court:

"[W]hen a plea bargain has been reached and counsel for both the state and the defendant are present in Court for the purpose of consummating that agreement by obtaining the Court's acceptance of the bargained-for guilty plea, counsel for both the state and the defendant have an affirmative duty to assist the Court to the end that the appropriate procedural requirements are met." *State v. Mendiola,* 23 Ariz.App. 251, 253, 532 P.2d 193, 195 (1975), *aff'd,* 112 Ariz. 165, 540 P.2d 131 (1975).

In short, it is the duty of all parties involved to insure that the agreement which is eventually filed with the court contains the exact and complete agreement, no more, no less. And because the requirement to have the exact agreement in writing before the court applies with equal force to the defense, we are of the opinion that, had the defendant wished to plead under a different agreement or had he wished the inclusion of terms and conditions not already contained therein, it was incumbent upon him to object and to require the exact agreement to be evidenced in writing *prior* to his entering the plea of guilty. That is, if he was dissatisfied with the plea agreement as delineated in the written agreement, his remedy was to revoke the agreement as provided in rule 17.4(b) and not enter a plea of guilty. As we stated in *Lee,* "[t]his court is not inclined to find an appellant's later dissatisfaction with his plea bargain an appropriate basis for reversal." 112 Ariz. at 284, 541 P.2d at 384.

Since the defendant did not here complain, concurred in the agreement as filed

with the court and plead guilty pursuant to the written plea agreement, and there being no evidence of fraud, duress, trickery, coercion or the like which induced the defendant to enter into the plea agreement, we hold that the plea agreement filed with the court comprised the complete and exact agreement between the parties concerning the plea and that any objections the defendant may have had to the written agreement filed with the court were expressly waived when he entered his plea.

Having hereinbefore expressed agreement with all other aspects of the decision of the Court of Appeals, we accordingly affirm the judgments of conviction and sentences.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.