564 P.2d 78

**STATE of Arizona, Appellee,**

v.

**Earl Gene MORRIS, Appellant.**

**No. 3560–PR.**

Supreme Court of Arizona,
In Banc.

April 11, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant was charged with four counts of first degree burglary and one count of grand theft. Pursuant to an unwritten plea agreement, appellant pled guilty to three counts of first degree burglary. The other charges were dropped. Concurrent sentences of ten to fifteen years for each count were imposed. The Court of Appeals affirmed the judgment, 26 Ariz.App. 459, 549 P.2d 239 (1976). The opinion of the Court of Appeals is vacated and the judgment of conviction is affirmed.

The issue raised on appeal is whether a clear violation of 17 A.R.S. Rules of Criminal Procedure, rule 17.4(b) [1] suffices to warrant reversal absent an allegation of prejudice to the appellant.

Failure to abide by rule 17.4(b) can require reversal in certain cases. *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975). However, in this case, as distinguished from *Lee, supra,* there is no allegation or even suggestion that the terms of appellant's plea bargain or his constitutional rights were not fully understood by him, or that he was misled thereby or by counsel. Neither is it even suggested that the State did not fulfill its part of the bargain. Appellant received exactly what he knowingly bargained for. Under these circumstances, the mere failure to execute a written plea bargain pursuant to the terms of 17 A.R.S. Rules of Criminal Procedure, rule 17.4(b) is non-prejudicial and harmless error.

As appellant's only contention is that rule 17.4(b) was not complied with, we affirm the judgment of conviction.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. "Rule 17.4(b). *Plea Agreement.* The terms of a plea agreement shall be reduced to writing and signed by the defendant, his counsel, if any, and the prosecutor. An agreement may be revoked by any party prior to its acceptance by the court."