579 P.2d 62
**STATE of Arizona, Respondent,**
**v.**
**Daniel Ernest DELGADO, Petitioner.**
**No. 1 CA–CR 2758–PR.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 9, 1978.
Rehearing Denied May 23, 1978.

Charles F. Hyder, Maricopa County Atty. by Kim N. Stuart, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for petitioner.

OPINION

HAIRE, Presiding Judge.

Petitioner Daniel Delgado was charged by information with one count of burglary and one count of grand theft. The state amended the information to allege a prior conviction for involuntary manslaughter. Pursuant to a plea agreement petitioner entered a plea of guilty to second degree burglary with the prior involuntary manslaughter conviction. The grand theft count and an unrelated case involving possession of marijuana were dismissed. Petitioner was sentenced to incarceration in the

Arizona State Prison for not less than six nor more than eight years. Petitioner did not appeal from the entry of judgment and the imprisonment sentence.

Approximately a year and one-half after sentencing, petitioner filed a petition for post-conviction relief alleging that his guilty plea had been unlawfully induced and that the state had used a prior conviction obtained in violation of the United States or Arizona constitutions.[1] The Maricopa County Public Defender's Office was appointed to represent the petitioner and a supplemental petition for post-conviction relief was filed on petitioner's behalf. The supplemental petition argued that the petitioner, at the time of entering his plea of guilty, had not been properly advised of the minimum sentence as required by Rule 17.-2(b), 17 A.R.S., Rules of Criminal Procedure, and that the court had not advised him of his right to plead not guilty under Rule 17.2(d). The trial judge, after holding an informal conference on the petition for post-conviction relief and its supplement, denied relief. The case came to this Court by way of a timely motion for rehearing and petition for review. The motion for rehearing complained that petitioner was entitled to an evidentiary hearing on both of his claims that he was not properly advised of the minimum sentence under Rule 17.2(b) and on his contention that he was not advised of his right to plead not guilty.

■ Rule 17.2(b) requires that a defendant who enters a plea of guilty must be told of the range of possible sentences. *See, e. g., State v. Janise,* 116 Ariz. 557, 570 P.2d 499 (1977). The range of sentence under the rule has been held to include the minimum possible prison sentence under the statute. *State v. Gil,* 27 Ariz.App. 190, 552 P.2d 1205 (1976); *State v. Hill,* 118 Ariz. 157, 575 P.2d 356 (App.1978). The applicable punishment for burglary is set forth in A.R.S. § 13–302 B:

> "Burglary committed in the daytime is burglary of the second degree, punishable by imprisonment in the state prison for not to exceed five years."

Since petitioner also pled guilty to a prior conviction of involuntary manslaughter, the possible punishment for the burglary conviction was enhanced by virtue of the operation of A.R.S. § 13–1649 A(2):

> "A. A person who, having been previously convicted for . . . any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:
>
>    *     *     *     *     *     *
>
> "2. If for an offense punishable for a first conviction by imprisonment not exceeding five years, by imprisonment in the state prison for not to exceed ten years."

Although no minimum sentence is stated in the applicable statute the court is nonetheless required when sentencing any defendant for a felony other than murder in the first degree to state the minimum and maximum limits of the sentence imposed. A.R.S. § 13–1643 A. In determining the minimum sentence in this case, reference must be made to the provisions of A.R.S. § 13–1644.01:

> "When a person is subject to punishment for a crime by imprisonment in the state prison for a term not more than any specified number of years and no minimum sentence is declared, the minimum sentence shall be one year in the state prison."

Therefore, the minimum possible sentence that petitioner could have received if he were not placed on probation was one year in the state prison. *State v. Durgin,* 110 Ariz. 250, 517 P.2d 1246 (1974). There was nothing, however, to prevent the court from suspending the imposition of sentence and placing petitioner on probation.

Petitioner was asked by the court whether he wished to admit his prior conviction. His attorney explained to him on the record that the prior conviction changed the maxi-

---

1. This latter contention was not raised in petitioner's motion for rehearing in the trial court, nor is it urged on the petition for review in this Court.

mum possible sentence on his burglary conviction from five years in prison to ten years in prison. Petitioner nonetheless wished to admit the prior conviction and the court found that he had knowingly, intelligently and voluntarily admitted the prior involuntary manslaughter conviction. During the plea-taking process the court asked the petitioner the following questions:

"Q. Do you understand that if I accept that plea, that you would be subject to punishment by imprisonment in the Arizona State Prison for as much as 10 years?

"A. Yes.

"Q. You also understand if things work out right for you, you could be put on probation or possibly be sent to prison for a shorter period of time or even put in jail for maybe a year as part of your probation, all those possibilities?

"A. Yes.

"Q. You've discussed that with your lawyer, and you understand it?

"A. Yes."

The court questioned petitioner at length about whether any promises had been made to induce him to enter the plea of guilty.

"A. I'm wondering, though—I want to find out, has anybody promised you that you will be dealt with lightly or—

"A. No.

"Q. —that you'll get any special consideration if you plead guilty?

"A. I was told I could get 10 years."

The plea agreement recited that possible punishment for the crimes for which petitioner was pleading guilty was no greater than ten years in the Arizona State Prison and no less than probation.

▪ It is petitioner's position that the court erred in failing to tell him specifically that if a prison sentence were imposed the minimum would have to be at least one year. It is our opinion, however, that under the circumstances of this case the court substantially complied with the rule. Petitioner was told that he could get as much as ten years in prison, imprisonment for a shorter period of time, or probation. He was even told that he could spend up to a year in jail as a condition of probation. The minimum possible sentence of one year was in the continuum of the range of possibilities which were explained to petitioner. It is true that both *State v. Gil* and *State v. Hill, supra,* require that the minimum possible sentence be explained to the defendant. In both of those cases the defendant was told, as was petitioner, that the range of sentence was from probation to a maximum term of imprisonment. But that information was misleading because in each of those cases the crime to which the defendant pled guilty had a mandatory minimum of five years in prison. This was significant information because in the range of sentences as explained there was a gap of years which was statutorily unavailable. Here by contrast there was no gap. Petitioner knew he could get probation, up to a year in jail as a condition of probation, or a maximum of ten or any lesser number of years in prison. The petitioner was aware of all of the operative facts surrounding the possible sentencing consequences of his decision to plead guilty. We hold that the court substantially complied with the requirements of Rule 17.2(b), and that petitioner suffered no prejudice under the proceedings reflected in the record of this case.

Petitioner also complains that he was not informed that he had a right to plead not guilty. However, the court at the time of the entry of the plea of guilty specifically informed petitioner of his right to remain silent which includes the right not to convict oneself by an admission of guilt. The record also reveals that at the time of his arraignment petitioner entered a plea of not guilty. We hold that under these circumstances petitioner was not only aware of, but also had exercised, his right to plead not guilty. *State v. Crews,* 25 Ariz.App. 170, 541 P.2d 961 (1975).

Review granted; relief denied.

FROEB, C. J., and NELSON, J., concurring.