638 P.2d 1342

**STATE of Arizona, Appellee,**

**v.**

**Ancil David WILSON, Appellant.**

**No. 5043.**

Supreme Court of Arizona,
En Banc.

Dec. 30, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Robert J. Roberson, Yuma, for appellant.

HAYS, Justice.

The appellant, Ancil David Wilson, pled guilty to first degree murder and theft, a class 3 felony, pursuant to a plea agreement. In return, the state dismissed various charges including aggravated robbery with a gun, forgery, theft, and sexual conduct with a minor, and "agreed that the defendant shall receive a sentence of life imprisonment." The court imposed a life sentence for first degree murder and, in addition, imposed a consecutive 10-year sentence for theft.

Counsel for appellant filed an appeal in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant was notified of his right to submit a supplemental brief, but none was filed. We take jurisdiction pursuant to A.R.S. § 13–4031. Affirmed in part and modified in part.

Three questions are presented on appeal:

1) Was appellant prejudiced by not having counsel appointed until 14 days after his arrest?

2) Did the trial court err by not advising appellant of his right to plead not guilty at the change of plea proceeding?

3) Did the trial court violate the terms of the plea agreement by sentencing appellant to consecutive terms for the crimes of first degree murder and theft?

The facts pertinent to the resolution of these issues will be discussed as necessary.

FAILURE TO APPOINT COUNSEL

Appellant was arrested on February 14, 1980, but no counsel was appointed until the date of his arraignment on February 28,

1980. 17 A.R.S. Rules of Criminal Procedure, rule 6.1(a) provides, in part:

"*Right to be Represented by Counsel.*

"The right to be represented shall include the right to consult in private with an attorney, or his agent, as soon as feasible after a defendant is taken into custody, . . . ."

The record does not disclose the reason for the delay in appointing counsel.

■ Appellant made no statements to the authorities regarding the crimes before a lawyer was appointed. Moreover, he indicated to the court that he was not prejudiced by not speaking to an attorney at an earlier date. We have searched the record for constitutional infirmities and can find none. Despite our finding of no prejudice to the defendant, we do not condone the practice of waiting two weeks before appointing counsel in a criminal case.

## KNOWLEDGE OF THE RIGHT TO PLEAD NOT GUILTY

At his arraignment on February 28, 1980, appellant pled not guilty to all counts charged. During a subsequent change of plea proceeding, the trial judge informed appellant of all the rights he would be giving up by pleading guilty except the right to plead not guilty.

■ 17 A.R.S. Rules of Criminal Procedure, rule 17.2(d), specifically requires the court to advise a defendant of the right to plead not guilty at the change of plea proceedings. Nevertheless, appellant was obviously aware of this right since he had previously pled not guilty to all charges. Lower court decisions have held that an initial plea of not guilty conclusively demonstrates that a defendant was aware of the right to plead not guilty. *State v. Lopez*, 27 Ariz.App. 626, 557 P.2d 558 (1976); *State v. Crews*, 25 Ariz.App. 170, 541 P.2d 961 (1975). We agree and hold that as long as a defendant is aware of the right to plead not guilty as evidenced by an earlier plea of not guilty, the requirements of rule 17.2(d) are met.

## IMPOSITION OF CONSECUTIVE SENTENCES

The plea agreement signed by the appellant states that in return for a plea of guilty to theft, a class three felony, and murder in the first degree "[i]t is agreed that the defendant shall receive a sentence of life imprisonment." In his *Anders* brief, counsel contests the imposition of consecutive sentences for the two charges as constituting a violation of the plea agreement.

17 A.R.S. Rules of Criminal Procedure, rule 17.4(b), states:

"The terms of a plea agreement shall be reduced to writing and signed by the defendant, his counsel, if any, and the prosecutor. An agreement may be revoked by any party prior to its acceptance by the court."

In *State v. Lee*, 112 Ariz. 283, 284, 541 P.2d 383, 384 (1975), we noted that "Rule 17.4 is designed to guarantee that the parties, the trial court and the appellate court are all aware of the *exact* agreement (emphasis supplied)." In the instant case, a written agreement was filed, but it contained no reference to a consecutive sentence for theft.

In *State v. Cornwall*, 114 Ariz. 550, 562 P.2d 723 (1977), the defendant argued, as does the state in the instant case, that the true agreement between the prosecution and defense comprised more than what was actually contained in the written document. We responded:

"[I]t is the duty of all parties involved to insure that the agreement which is eventually filed with the court contains the exact and complete agreement, no more, no less. And because the requirement to have the exact agreement in writing before the court applies with equal force to the defense, we are of the opinion that, had the defendant wished to plead under a different agreement or had he wished the inclusion of terms and conditions not already contained therein, it was incumbent upon him to object and to require the exact agreement to be evidenced in writing *prior* to his entering the plea of guilty."

*Id.* at 552, 562 P.2d at 725. The state now argues that although the plea agreement only refers to the sentence of life imprison-

ment for the first degree murder charge, and fails to address any sentence for theft, the "defendant must be presumed to have been aware of the obvious consequences from two crimes even though the offenses are related." It cites *State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980), to support this proposition. Even though *Gordon* does not require the court to advise a defendant of the possibility of consecutive sentences, it does not relieve the parties of the requirement to set forth in writing the *exact* terms of the plea agreement.

The written plea agreement in the instant case provides only for a sentence of life imprisonment. The trial court, however, is not bound by any plea agreement between the prosecution and the defense. 17 A.R.S. Rules of Criminal Procedure, rule 17.4(d).* Thus, a court may impose a sentence greater than that set forth in the plea agreement. Moreover, under rule 17.4(d) the trial judge may reject the provisions of the plea agreement regarding sentencing even after the plea agreement has been accepted. *Smith v. Superior Court ex rel. State*, Ariz., 635 P.2d 498 (1981).

In this case, the trial court did not comply with the plea agreement provisions regarding sentencing. Rule 17.4(e) provides:

"*Rejection of Plea.* If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement."

By imposing a consecutive 10-year sentence for theft, the court rejected the *written* agreement regarding a sentence of life imprisonment. Under these circumstances, the trial court was obliged to inform appellant that it was imposing a sentence greater than that originally contemplated and permit him to withdraw his plea. *See Smith v. Superior Court ex rel. State, supra; State v. Cagnina*, 113 Ariz. 387, 555 P.2d 345 (1976).

The court never informed the defendant of the right to withdraw his plea; it only asked him whether he wished to make a statement to the court. Although the defendant expressed his position in a less than articulate manner, he did indicate that he relied on the promise of a life sentence in signing the plea agreement:

"In going in accordance to the plea agreement, I thought my attorney handled, maybe he could handle the wording more properly, but according to the plea agreement, I agreed and states right here, agreed that the defendant shall receive a sentence of life imprisonment."

The trial court's failure to give the appellant an opportunity to withdraw his guilty plea after it, in effect, rejected the sentencing provision of the plea agreement by imposing a consecutive sentence for theft violates the mandate of rule 17.4(e). We affirm both convictions but modify the sentence for theft imposed by the trial court to run concurrently with the sentence of life imprisonment. The sentence of life imprisonment with no possibility of parole for twenty-five years is affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

* *Acceptance of Plea.* After making such determinations, the court shall either accept or reject the tendered negotiated plea. The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.