528 P.2d 864

**The STATE of Arizona, Appellee,**

v.

**Joe R. RODRIGUEZ, Appellant.**

**No. I CA–CR 729.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 5, 1974.

Rehearing Denied Jan. 2, 1975.

Review Granted Feb. 4, 1975.

N. Warner Lee, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, for appellant.

## OPINION

STEVENS, Judge.

Joe R. Rodriguez (defendant) entered a plea of guilty to the charge of possession of heroin. He was sentenced to not less than two nor more than five years in the Arizona State Prison. The defendant appeals alleging that the trial court failed to inform him of and to determine that he understood the nature of the charges to which his plea was offered and failed to find that there was a factual basis for the plea.

On 20 February 1974, a complaint was filed against the defendant in Glendale Precinct Justice Court charging that he possessed a narcotic drug, heroin. On 27 February 1974, the defendant signed a "waiver of preliminary hearing with plea agreement" form in which he agreed to plead guilty to the charge. On 5 March 1974, an information was filed in the Superior Court of Maricopa County charging the defendant with possession of heroin and on 7 March 1974, the defendant entered a plea of not guilty. On 20 March 1974, the defendant entered his plea of guilty and was examined by the court. It was during this examination that the alleged errors were committed.

Rule 17.2, Ariz.Rules of Crim.Proc., 17 Ariz.Rev.Stat.Ann. requires, among other things, that before accepting a plea of guilty, the court inform the defendant of

the nature of the charges against him and that the court determine that he understands it. On 20 March 1974, before accepting the plea of guilty, the court addressed the defendant: "It is charged on or about the 13th day of February, 1974, in the County of Maricopa, State of Arizona, you unlawfully possessed a narcotic drug, to-wit, heroin. Is that the charge as you understand it and the charge to which you wished to plead guilty?" The defendant answered, "Yes, sir."

■ The comment to Rule 17.2(a) provides some guidance since it explains that in some cases it is sufficient to read the technical language of the information and in others, an explanation in "simple everyday language" is all that is required. In the present case, the trial court re-worded the information somewhat but we hold that this is sufficient to advise the defendant of the nature of the charges against him and to find that he understands it.

Rule 17.3, Ariz.Rules of Crim.Proc. requires that:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine * * * that there is a factual basis for the plea."

■ In the present case, there is no determination that there is a factual basis for the plea. The State argues that the factual basis for the plea appears in the report of the Probation Department and that this is sufficient to avoid a reversal of the case. The State's argument, however meritorious in the past, can no longer be accepted in light of the unequivocal language of Rule 17.3. Rule 17 is modeled after Rule 11 of the Federal Rules of Criminal Procedure. Rule 17 is mandatory upon the Arizona courts just as Rule 11 is mandatory for the federal courts. In Mc Carthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the United States Supreme Court held that Rule 11 required the trial court to personally address the defendant in order to determine if he under-

stood the nature of the charge. In Mc Carthy, supra, the Court said:

"Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding 'in this highly subjective area.' Heiden v. United States, supra, 353 F.2d [53], at 55. The Rule 'contemplates that disputes as to the understanding of the defendant and the voluntariness of his action are to be eliminated at the outset * * *.' Ibid. As the Court of Appeals for the Sixth Circuit explained in discussing what it termed the 'persuasive rationale' of Heiden: 'When the ascertainment is subsequently made, greater uncertainty is bound to exist since in the resolution of disputed contentions problems of credibility and of reliability of memory cannot be avoided . . . .' Waddy v. Heer, 383 F.2d 789, 794 (6 Cir. 1967). There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charge against him." 394 U.S. at 469, 89 S.Ct. at 1172. (Emphasis theirs).

See also State v. Carr, 22 Ariz.App. 407, 527 P.2d 1250 (filed 14 November 1974.)

The Mc Carthy, supra, rationale is equally applicable to a determination that there is a factual basis for the plea and convinces us that we must set aside the defendant's plea of guilty and direct the trial court to proceed to take a new plea pursuant to Rules 17.2 and 17.3, Ariz.Rules of Crim.Proc. To reach this result, we must ignore that the defendant signed a plea agreement which recites that he has discussed his case and constitutional rights with his lawyer and lists the constitutional rights that he has waived; assume that he did not read the document that, in his case, disposed of several years of his life; ignore that his attorney signed the same agreement declaring that he discussed this case with his client and advised him of his constitutional rights and all possible defenses and assume that this competent attorney did not even discuss with the defendant the factual basis of his case. This

**480**

case underlines the necessity that the trial court utilize Form XIX, Guilty plea checklist, attached to the Arizona Rules of Criminal Procedure, because even the most experienced trial judge may forget the highly technical requirements of the relatively new criminal rules.

For the reasons set forth herein, the plea of the defendant is set aside and the trial court is directed to proceed to take a new plea pursuant to the directions of this opinion.

DONOFRIO, P. J., and OGG, J., concur.