532 P.2d 193

**STATE of Arizona, Appellee,**

v.

**Kay Lynn MENDIOLA, Appellant.**

**No. I CA–CR 826.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 4, 1975.

Rehearing Denied April 7, 1975.

Review Granted May 6, 1975.

**252**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel Crim. Div. Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

This is an appeal from judgments of conviction and sentences imposed on appellant following her pleas of guilty to charges of burglary, second degree, and grand theft. Her pleas of guilty resulted from a written plea bargain calling for the dismissal of three other pending charges against her.

Appellant was represented at all proceedings in the trial court, and is represented on this appeal by the Maricopa County Public Defender. Such counsel has filed a brief in this Court pursuant to the provi-

sions of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) raising an issue concerning the failure of the trial court to personally address the appellant and establish a factual basis for the plea pursuant to Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. After the filing of counsel's brief, this Court entered an order granting appellant an additional period of time within which to file her own supplemental brief raising any additional points she might choose to bring to this Court's attention. No supplemental brief has been filed.

Rule 17.3, *supra*, provides in pertinent part as follows:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine . . . that there is a factual basis for the plea."

At the time the guilty pleas were accepted by the Court, the only questions addressed to the defendant having to do with the factual basis for the pleas were as follows:

"THE COURT: Are you telling me as a matter of fact, you have actually committed or taken part in a burglary in the second degree?

DEFENDANT MENDIOLA: Yes.

"THE COURT: Where was that, ma'am?

"DEFENDANT MENDIOLA: Pardon?

"THE COURT: Where was that?

"DEFENDANT MENDIOLA: Here in Phoenix.

"THE COURT: I mean what place?

"DEFENDANT MENDIOLA: 2212 East Mitchell.

"THE COURT: What?

"DEFENDANT MENDIOLA: 2212 East Mitchell.

"THE COURT: East Mitchell?

"DEFENDANT MENDIOLA: Yes.

"THE COURT: What is there?

"MR. TUCKER: It's a residence, Your Honor.

"THE COURT: And you tell me you have also taken part in a grand theft?

"DEFENDANT MENDIOLA: Yeah.

"THE COURT: And where was that, ma'am?

"DEFENDANT MENDIOLA: Same place."

▆ In reviewing the above testimony, we find a minimal compliance with Rule 17.3 concerning the establishment of a factual basis for the plea of guilty to the burglary, inasmuch as facts are established showing that the appellant participated in the burglary of a residence located at 2212 East Mitchell in Phoenix, Arizona. However, the showing of a factual basis for the charge of grand theft through the answers of the defendant at the plea proceeding is obviously defective, since no facts are shown other than that the alleged grand theft occurred at the same place. There is no showing as to what property was taken, the value thereof, or any other circumstances relating to the alleged theft.

▆ While the trial judge did not at the time of the acceptance of the plea of guilty to the grand theft charge bring forth facts constituting a factual basis for the plea of guilty to that charge, other portions of the record do establish that in fact there was a factual basis for the plea. The complaint and information specified a theft of five $100 bills. Appellant admitted to the probation officer that she stole this money from the home of her uncle (the house which was burglarized), and this is reflected in the probation officer's report which is part of the record. When the *complete* record is considered, there is established a factual basis for the plea, and therefore there has been no violation of the appellant's *constitutional* rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See also* State v. Tucker, 110 Ariz. 270, 517 P.2d 1266 (1974); State v. Vasquez, 21 Ariz. App. 445, 520 P.2d 539 (1974).

The issue which this Court must decide is whether under the circumstances of this case the failure of the trial judge to establish on the record a factual basis for the plea of guilty to the grand theft charge while personally addressing the defendant, constitutes error of such dimension as to require reversal. We hold that it does not.

In arriving at this conclusion we recognize that a contrary result has been reached by Department A of this Court in State v. Rodriguez, 22 Ariz.App. 478, 528 P.2d 864 (1974), review granted February 4, 1975. *Cf.* State v. Bates, 22 Ariz.App. 613, 529 P.2d 1207. However, while we agree with Department A that error has been committed, for the reasons hereinafter set forth we do not believe that such error automatically mandates reversal.

▆ At the time of the guilty plea hearing appellant was represented by counsel who had an opportunity to bring this omission to the trial court's attention, but failed to do so. In our opinion when a plea bargain has been reached and counsel for both the state and the defendant are present in Court for the purpose of consummating that agreement by obtaining the Court's acceptance of the bargained-for guilty plea, counsel for both the state and the defendant have an affirmative duty to assist the Court to the end that the appropriate procedural requirements are met. The appellate courts of this state have repeatedly held that counsel may not stand mute and not make known their objections, and then urge on appeal that the trial judge committed error in the admittance of unobjected to evidence. Brooker v. Canny, 103 Ariz. 529, 446 P.2d 929 (1968); Collins v. Dilcher, 104 Ariz. 221, 450 P.2d 679 (1969); State v. Taylor, 109 Ariz. 267, 508 P.2d 731 (1973). Likewise, error in the giving of instructions is considered waived unless timely objection is made in the trial court. Wry v. Dial, 18 Ariz.App. 503, 503 P.2d 979 (1973); Baker v. Atchison, Topeka and Santa Fe Railway Company, 11 Ariz.App. 387, 464 P.2d 974 (1970). Of course, if the error is "fundamental" then

**254**

the question may be urged on appeal notwithstanding the failure to object in the trial court. Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968); Ruiz v. Faulkner, 12 Ariz.App. 352, 470 P.2d 500 (1970). However, even when "fundamental" error has been committed, reversal is not automatic, but rather is required only when found to be prejudicial to the defendant. State v. Anderson, 110 Ariz. 238, 517 P.2d 508 (1973). Here, the record does not reflect any prejudice to the appellant from the technical failure of the judge to fully comply with the provisions of Rule 17.3. From the record it is clear that appellant was guilty of the two charges, and that her guilty pleas were voluntarily, knowingly and intelligently made.

Article 6, § 27 of the Arizona Constitution provides as follows:

> "No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

Here, appellant does not urge that there was no factual basis for the plea, but rather only that such a factual basis was not set forth in the record at the hearing concerning the acceptance of the guilty plea. In our opinion the record of this case reflects that not only substantial, but complete justice has been done. Therefore we conclude that the error involved was wholly "technical" within the meaning of Art. 6, § 27 of our Constitution. When the insubstantial nature of the error is coupled with the complete failure of counsel to object or bring the omission to the trial court's attention so that it could have been corrected, we find no basis for reversal.

To reach any other result, paraphrasing this Court's decision in State v. Rodriguez, *supra,* we would have to:

> . . . ignore that the defendant signed a plea agreement which recites that [she] has discussed [her] case and constitutional rights with [her] lawyer and lists the constitutional rights that [she] has waived; assume that [she] did not read the document that, in [her] case,

disposed of several years of [her] life; ignore that [her] attorney signed the same agreement declaring that he discussed this case with his client and advised [her] of [her] constitutional rights and all possible defenses and assume that this competent attorney did not even discuss with the defendant the factual basis of [her] case.

The judgment and sentence are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.