540 P.2d 665

**The STATE of Arizona, Appellee,**

v.

**Joseph Rivera RODRIGUEZ, Appellant.**

**No. 3108–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 25, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

We accepted this petition for review for the limited purpose of determining the disposition on appeal of a guilty plea in which it does not appear that the trial court made a proper fact determination of the basis of the plea of guilty as required by Rule 17.3 of the Arizona Rules of Criminal Procedure 1973, but in the extended record on appeal it does show a factual basis for the plea.

The facts necessary for a determination of this matter on appeal are as follows. On 20 February 1974, a complaint was sworn to in Glendale Precinct Justice

Court charging that defendant, appellant here, possessed a narcotic drug, heroin. On 27 February appellant signed a "waiver of preliminary hearing with plea agreement" form in which he agreed to plead guilty to the charge. On 5 March 1974, an information was filed in the Superior Court of Maricopa County charging him with possession of heroin and on 7 March he entered a plea of not guilty. On 20 March 1974 he entered his plea of guilty and was examined by the court. Appellant was sentenced to serve a term of not less than two nor more than five years in the Arizona State Prison.

When, on 20 March 1974, appellant entered his plea of guilty the trial court made the following inquiry concerning the factual basis of the plea:

> "THE COURT: It is charged on or about the 13th day of February, 1974, in the County of Maricopa, State of Arizona, you unlawfully possessed a narcotic drug, to-wit, heroin.
>
> Is that the charge as you understand it and the charge to which you wish to plead guilty?
>
> "THE DEFENDANT: Yes, sir."

Rule 17.3 reads as follows:

> "Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) and that there is a factual basis for the plea."

The Court of Appeals in its decision and opinion held that this did not comply with Rule 17.3 and set aside the plea and directed the trial court to take a new plea. We agree with the Court of Appeals that this does not comply with the factual basis as required by Rule 17.3 of the Arizona Rules of Criminal Procedure 1973. The record, however, indicates in the presentence report the following statement:

"DEFENDANT'S STATEMENT:

"In the defendant's written version, he states, 'I was sitting on the lawn in front of a friend's house when I looked around and saw the police running towards me. One of them grabbed me, and the other one ran towards the other lawn and picked up a bottle with four balloons of heroin in it.' The defendant states that he uses heroin, but that those were not his balloons.

"During my interview with the defendant in the Maricopa County Jail, he indicated to me that he was indeed selling heroin, and had been doing so for three months. He indicates the reason for selling the heroin was to support his own habit. He does admit his guilt, however, does not appear to be suffering much anxiety over the disposition of this case."

Thus the extended record does establish that there was a factual basis for the plea even though the record made by the judge at the time the plea of guilty was entered is deficient in this regard.

At the outset we feel it necessary to comment that much judicial time could be saved if the judge, the defense attorney, and the attorney for the State would make an effort to comply with the requirements of Rule 17.3, Arizona Rules of Criminal Procedure. We agree with the statement of Judge Stevens in this case:

> " * * * This case underlines the necessity that the trial court utilize Form XIX, Guilty plea checklist, attached to the Arizona Rules of Criminal Procedure, because even the most experienced trial judge may forget the highly technical requirements of the relatively new criminal rules." *State v. Rodriguez*, 22 Ariz. App. 478, 479, 528 P.2d 864, 865–66 (1974).

We would also add that it is the duty of the prosecutor, if he wishes to preserve the integrity of the guilty plea he has obtained, to call to the attention of the trial judge at the time the guilty plea is entered any omissions that the trial judge may have

made because of the trial court's failure to follow the checklist as set down in the Rules of Criminal Procedure 1973. An appeal of this kind, which could have been so easily avoided, is simply a waste of judicial manpower. Had the trial judge followed the rules and had the prosecution pointed out to the court his omissions when he failed to follow them, we would not have to be considering this matter on appeal. We have stated:

" * * * there is an equal responsibility on the part of the attorney for the state to make sure that the court does not omit any legitimate avenue of inquiry which will assure that the record made at the time of the plea of guilty satisfies all the requirements of *Boykin,* supra, and that resort to the extended record will not have to be made either by the trial court or by this court on appeal." *State v. Darling,* 109 Ariz. 148, 153, 506 P.2d 1042, 1047 (1973).

Defense counsel, even though they may not have the prime responsibility for prosecuting the case to conclusion, are not relieved of the responsibility of assisting the trial court in complying with the rules in accepting a plea of guilty in a criminal matter. It brings the judicial system into disrespect for an attorney to stand idly by and watch the court commit error that will form the basis of an appeal at a later date when that error could have been avoided at the time of the plea of guilty. We agree with the Michigan Supreme Court in this regard:

" * * * [W]e shall look to counsel in all criminal cases to advise their clients to the best of their ability, and as well or better than the high standard that the State Bar will seek to impose. But further than that this Court, regarding attorneys as officers of the court, will look to them to cooperate with the courts and not only see that their clients are personally well advised by them, but that the court will be assisted to see that all of a client's rights are protected on the record. An attorney will do this not only in fulfillment of his oath and duty as an attorney, but also because any petition for review that is based on the defendant seeking a plea review on the grounds he did not enter his plea understandingly is a reflection on both the court and the defendant's counsel, and incidentially insofar as proper procedure could have avoided the necessity of review, a burden on the administration of justice, and a disservice, if not an injustice, to others who have occasion to employ or operate the machinery of justice." *People v. Jaworski,* 387 Mich. 21, 33, 194 N.W.2d 868, 873 (1972).

Because there is evidence in the record that reveals a factual basis for the plea, we believe that this case should be controlled by the doctrine of technical error as set down by the Court of Appeals in its opinion in *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193 (1975), in which the court stated:

"Article 6, § 27 of the Arizona Constitution provides as follows:

'No cause shall be reversed for technical error in pleadings or proceedings when upon the whose case it shall appear that substantial justice has been done.'

"Here, appellant does not urge that there was no factual basis for the plea, but rather only that such a factual basis was not set forth in the record at the hearing concerning the acceptance of the guilty plea. In our opinion the record of this case reflects that not only substantial, but complete justice has been done. Therefore we conclude that the error involved was wholly 'technical' within the meaning of Art. 6, § 27 of our Constitution. When the insubstantial nature of the error is coupled with the complete failure of counsel to object or bring the omission to the trial court's attention so that it could have been corrected, we find no basis for reversal." 23 Ariz.App. at 254, 532 P.2d at 196.

Decision and opinion of the Court of Appeals, Division One, set aside; judgment of guilt of the trial court affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ·, concur.

Note: Justice FRANK X. GORDON, Jr., did not participate in the determination of this matter and retired Justice LORNA E. LOCKWOOD sat in his stead.