570 P.2d 1083

**The STATE of Arizona, Appellee,**

v.

**Guadalupe B. RODRIGUEZ, Appellant.**

**No. 1 CA–CR 2352.**

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 27, 1977.

Rehearing Denied Oct. 19, 1977.

Review Denied Nov. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

The appellant/defendant, Rodriguez, was charged by grand jury indictment with three counts of sale of a narcotic drug, in violation of A.R.S. §§ 36–1001 and 36–1002.02. Appellant was arraigned and pled not guilty on July 13, 1976. His trial was set for September 22, 1976.

On September 20, 1976, pursuant to a request from appellant's counsel and the Maricopa County Attorney's Office, the trial date was vacated and the matter was set for a change of plea September 29, 1976. On that date, pursuant to a plea agreement, appellant pled guilty to the first two counts of the indictment with the understanding that the county attorney's office would dismiss the third count of the indictment at the time of sentencing. The plea agreement,[1] also, contained the written statement that there was "no agreement concerning sentence." Appellant's guilty pleas were accepted, and sentencing was set for October 28, 1976.

Appellant was sentenced to not less than eight nor more than fifteen years in the Arizona State Prison. The sentence was to run from the day of sentencing. Appellant has been represented throughout all proceedings, including this appeal, by the Maricopa County Public Defender's Office.

---

1. The pertinent part of the plea agreement is as follows:

"Terms: On the following understandings, terms and conditions:

 1. The crime to which the defendant will plead guilty carries a sentence no greater than 5 yrs. to life A.S.P. and no less than probation, the mandatory minimum (if any) is 30 days

Dept. Corrections and the special conditions regarding sentence, parole or commutation imposed by statute (if any) are if sentenced A.S.P., Mim of 5 yrs. must be served. The parties stipulate to the following additional terms: No agreement concerning sentence." [Underlined words are handwritten]

Appellant here argues that the Maricopa County Attorney failed to live up to the guilty plea agreement when the county attorney made a recommendation of the minimum prison sentence to the probation officer for the pre-sentence report, and that for this reason appellant's pleas should now be vacated.

The appellant relies on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), for the support of his argument, along with the paragraph from the transcript of record, infra.

*Santobello*, supra, turned on the fact that the prosecutor agreed to make no recommendation to the court on a sentence, and then in actuality did make a recommendation to the court for the maximum sentence. In the instant case, the plea bargain provided that there was "no agreement concerning sentence."

It is important to note that the written statement "no agreement concerning sentence," contained in the written plea agreement, is not synonymous with the statement proposed by appellant's argument "no recommendation as to sentence."

 This Court takes the position that when the deputy county attorney wrote "no agreement concerning sentence" he protected himself from the *Santobello*, supra, argument proposed in the instant case. If we give the words their ordinary meaning, we can say that when the deputy county attorney writes that he is making "no agreement concerning sentence" it means what it says on its face, the prosecutor is not committing himself either to recommend, or not recommend, to the court a possible sentence, thus leaving himself free to make any recommendation he might later wish to make.

Appellant argues that the following discourse between appellant and the trial court makes evident that the deputy county attorney was agreeing not to make a recommendation as to sentence:

"THE COURT: Do you understand as part of the plea agreement the State makes no agreement concerning the sentences? They are not recommending anything. Do you understand that?

THE DEFENDANT: Yes."

As we have previously indicated, there was no misconduct on the part of the deputy county attorney in the performance of his duties, and the written plea agreement gave the deputy county attorney the right to make a recommendation concerning sentence. However, the crucial issue in the instant case is whether when the trial court in its dialogue with appellant used the wording, "They are not recommending anything," it may have caused the appellant to believe the plea agreement which he, his counsel and the prosecutor signed meant that the wording "no agreement concerning sentence" actually meant no recommendation as to sentence and would thereby raise the question as to whether appellant intelligently entered his plea as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

From reading the record in the instant case this Court holds that the judge was not saying that the Maricopa County Attorney was not going to recommend a sentence to the probation officer. In the context of what the judge said the only reasonable interpretation was that the judge alone would be setting the sentence and that he was not bound by any agreement made by appellant, appellant's counsel and the county attorney in the plea agreement as to a recommendation of sentence as is often made allowing appellant to withdraw his plea if the judge will not accept the sentence agreement.

 Also, it must be noted that neither defense counsel nor appellant made any objection to the conduct presented here before us at anytime during the sentencing procedure. The absence of a timely objection to such alleged error acts as a waiver for the purposes of appeal. *State v. Rodriguez*, 112 Ariz. 193, 540 P.2d 665 (1975).

For the above reasons stated, we hold that appellant's guilty pleas and subsequent sentence are hereby upheld.

Affirmed.

OGG and JACOBSON, JJ., concur.