890 P.2d 641

**STATE of Arizona, Respondent,**

v.

**Joe Morgan JOHNSON, Petitioner.**

**Nos. 1 CA–CR 94–0739 PR, 1 CA–CR 94–0740 PR.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 28, 1995.

Richard Romley, Maricopa County Atty. by Gerald R. Grant, Deputy County Atty., Phoenix, for respondent.

John W. Rood, III, Phoenix, for petitioner.

## OPINION

VOSS, Judge.

Petitioner Joe Morgan Johnson filed a petition for review challenging the trial court's dismissal of his second petition for post-conviction relief. We grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

This consolidated petition for review originated from two indictments. In the first, CR–88–07805, Petitioner was charged with one count of sale of a narcotic drug, a class 2 felony. He pled guilty to conspiracy to sell a narcotic drug, also a class 2 felony, and was sentenced to an aggravated term of fourteen years imprisonment, to be served concurrently with another sentence that he already was serving. In the second indictment, CR–88–10780, Petitioner was charged with three counts of child abuse, each a class 3 felony. He pled guilty to one count of child abuse, a class 4 felony,[1] and was sentenced to an aggravated term of five years imprisonment, to be served consecutively to the sentence resulting from the first indictment (CR–88–

---

1. As part of his agreement with the State, Peti- tioner pled guilty to a lesser offense.

07805). The remaining two counts in the second indictment were dismissed as part of the plea agreement.

On appeal to this court, Petitioner's attorney[2] filed an *Anders*[3] brief advising this court that he found no error and requesting an examination of the record for fundamental error. Petitioner filed a supplemental brief *in propria persona* in which he challenged the voluntariness of his guilty pleas. Prior to this court's decision, Petitioner filed his first petition for post-conviction relief in which he reiterated the voluntariness issue. After reviewing the petition for post-conviction relief, the trial court determined that Petitioner presented a colorable claim and scheduled a hearing. At the time set for hearing, however, Petitioner withdrew his petition for post-conviction relief. Approximately six months later, this court in the direct appeal affirmed Petitioner's convictions and sentences, concluding that his guilty pleas were valid and voluntarily entered.

In April 1992, Petitioner filed his second petition for post-conviction relief in which he raised three issues. The trial court determined that "no material issue of fact or law exists which would be served by any further proceedings" and dismissed the petition. After Petitioner filed a motion for rehearing on one issue only, the trial court declined reconsideration. Petitioner then filed a petition for review to this court. Under former Rule 32, Arizona Rules of Criminal Procedure, only those claims preserved in a motion for rehearing are reviewed by this court. *State v. Bortz*, 169 Ariz. 575, 578, 821 P.2d 236, 239 (App.1991). Therefore, we consider only the issue raised in the motion for rehearing: whether the trial court erred by concluding that the State presented a sufficient factual basis to support Petitioner's guilty plea to child abuse pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–3623(B) (1989).

**2.** Petitioner is represented by different counsel for the present post-conviction proceedings.

## DISCUSSION

In its minute entry dismissing Petitioner's second petition for post-conviction relief, the trial court addressed Petitioner's allegation that the State presented an insufficient factual basis to support Petitioner's guilty plea on the child abuse charge, stating:

> Petitioner further alleges that as to the charge of child abuse, there was either no factual basis or there has been a change in the law which indicates no factual basis. The Petitioner's position is misplaced. The evidence to be presented by the State as reflected in his plea and in the plea of his wife and co-defendant Deborah Ann Gaudioso, clearly indicates that there were razor blades, hypodermic needles and other drug paraphernalia and drugs readily available and accessible to the minor children. Furthermore, the adults present in the apartment were injecting cocaine with hypodermic needles. The *Green[e]* case is clearly distinguishable.

Petitioner contends that the trial court "could not have found the factual basis for the change of plea" because the facts did not demonstrate that the circumstances in Petitioner's apartment at the time of the arrest were "likely to produce death or serious physical injury." We disagree.

 The grant or denial of post-conviction relief is within the trial court's discretion and will not be reversed unless an abuse of discretion affirmatively appears. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990). A colorable claim is a claim which, if true, might have changed the outcome. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988); *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

We must conduct two inquiries in this case. First, we must address whether it was proper for the trial court to consider evidence presented in the co-defendant's change of plea hearing as part of the extended record. Second, we must determine whether the extended record provided a sufficient factual basis for Petitioner's guilty plea.

**3.** *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).

*A. Consideration of Evidence Presented at Co–Defendant's Change of Plea Hearing.*

The Arizona Supreme Court has held that even when a factual basis is not set forth in the record of the change of plea hearing, such a deficiency in the record is technical not reversible error when the extended record establishes a factual basis for a guilty plea. *State v. Rodriguez,* 112 Ariz. 193, 194–95, 540 P.2d 665, 666–67 (1975); *accord State v. Mendiola,* 23 Ariz.App. 251, 252–54, 532 P.2d 193, 194–96 (1975), *approved and adopted in,* 112 Ariz. 165, 540 P.2d 131 (1975). The supreme court also has noted that the "factual basis may be ascertained from the record including pre-sentence reports, preliminary hearing reports, admissions of the defendant, *and from other sources.*" *State v. Varela,* 120 Ariz. 596, 598, 587 P.2d 1173, 1175 (1978) (emphasis added). A factual basis is required to "avoid the possibility of acceptance of a plea from a legally innocent defendant who pled[ ] guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations." *State v. Durham,* 108 Ariz. 327, 329, 498 P.2d 149, 151 (1972). In this context, we consider for the first time whether an Arizona court, when evaluating the sufficiency of the factual basis for a guilty plea, may consider the records of a co-defendant as part of its review of the extended record. We conclude that it can.

Other courts addressing this issue have allowed a court evaluating the sufficiency of a factual basis for a guilty plea to supplement its inquiry by considering a co-defendant's record along with the record of the defendant. *United States v. Thompson,* 680 F.2d 1145, 1155 (7th Cir.1982) (court had sufficient factual basis for accepting defendants' guilty pleas, arising in part from evidence in co-defendant's change of plea hearing, despite insufficient factual basis in record of proceedings in which defendant entered guilty plea); *State v. Tachibana,* 67 Haw. 573, 698 P.2d 287, 290 (1985) (court had sufficient factual basis for guilty plea, arising in part from court's awareness of "testimony and other evidence previously introduced at the trial of … co-defendant, some of which was relevant" to charges against defendant); *State v. Feng,* 421 A.2d 1258, 1269–70 (R.I.1980) (court had sufficient factual basis for nolo contendere plea, arising from evidence presented in co-defendant's presentence report); *Davis v. State,* 605 So.2d 936, 938 (Fla.Dist. Ct.App.1992) (court could find factual basis for defendant's guilty plea through reference to the plea colloquy with co-defendant, which was conducted by same judge).

The rationale underlying these cases reflects that expressed by Arizona courts—namely that courts reviewing the factual basis of a guilty plea should be allowed to examine numerous sources in order to promote substantial justice. A factual basis is required for the purpose of shielding the innocent from conviction, rather than to provide a back-door for defendants to obviate finality by challenging their guilty pleas. Indeed, limiting a court to only a defendant's record would hinder the review for "strong evidence of actual guilt." *See State v. Norris,* 113 Ariz. 558, 559, 558 P.2d 903, 904 (1976). This is especially true here: both Petitioner and the co-defendant were charged with the same offense—child abuse pursuant to A.R.S. section 13–3623(B); both pled guilty; both appeared before the same trial judge;[4] and both pleas arose from the same incident—a police raid on Petitioner's apartment.

We, therefore, hold that a court reviewing the extended record to determine the sufficiency of a factual basis for a defendant's guilty plea may consider relevant evidence presented in the record of a co-defendant. Accordingly, we conclude that the trial court did not err by considering evidence presented at the co-defendant's change of plea hearing in conjunction with that presented at Petitioner's change of plea hearing.

*B. Factual Basis.*

We now examine whether the evidence presented in both Petitioner's and the co-

---

4. It bears mention that the co-defendant's change of plea hearing occurred before Petition-

er's change of plea hearing.

defendant's change of plea hearings provided a factual basis for Petitioner's guilty plea.

■ Petitioner was convicted of child abuse pursuant to A.R.S. section 13–3623(B), which provides:

Under circumstances *likely to produce death or serious physical injury,* any person who ... causes or permits [a] child to be placed in a situation where its person or health is endangered is guilty of an offense as follows:

. . . .

(3) If done with criminal negligence, the offense is a class 4 felony. (Emphasis added.)

"Serious physical injury" is defined as "physical injury which creates a reasonable risk of death, or which causes serious or permanent disfigurement, or serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." A.R.S. § 13–3623(A)(3) (1989). "Likely" has been interpreted literally and means "probable" as compared to "possible." *See State v. Greene,* 168 Ariz. 104, 108, 811 P.2d 356, 360 (App.1991); *accord State v. DePiano,* 181 Ariz.Adv.Rep. 16, 17–18, —— Ariz. ——, ——–——, —— P.2d ——, ——–—— (1995 WL 6351) (App. January 10, 1995).

Petitioner contends that the facts here are analogous to those in *Greene.* There, Division Two of this court held that the State did not present a factual basis demonstrating that the defendant committed child abuse under circumstances "likely to produce death or serious physical injury." The circumstances in *Greene* concerned the unsanitary and "extremely dirty" conditions of the defendant's house, including: (1) rotting food contained in the refrigerator and oven; (2) roaches and other insects found in kitchen cabinets; (3) debris and trash scattered around the house; (4) dog feces and urine found around the house and, in one case, in a pile of clothing; (5) a foul odor that lingered around the house; and (6) a board that blocked the heater vent in the children's bedroom. 168 Ariz. at 105, 811 P.2d at 357.

■ We agree with the trial court's conclusion that this case is distinguishable from *Greene.* Considering the evidence presented at both Petitioner's and the co-defendant's change of plea hearings, there was a sufficient factual basis to find Petitioner guilty of child abuse under circumstances "likely to produce death or serious physical injury." The State presented evidence that: (1) there were eleven adults present in Petitioner's apartment at the time the police executed the search warrant; (2) several of these people were "injecting themselves with liquid cocaine from needles;" (3) Petitioner's three young children were left unsupervised and were playing "in and about" the apartment; (4) the police seized approximately two ounces of cocaine, razor blades, other drug paraphernalia, and several syringes—some of which were filled with liquid cocaine and ready to be injected; (5) all items seized by the police were lying about the apartment readily accessible to Petitioner's children; (6) the general condition of the apartment was "unhealthy;" and (7) there was "no food or clothing for the children in any part of the apartment."

After considering these facts, the trial court concluded that these circumstances were likely to produce death or serious physical injury to Petitioner's three young children. We agree. In an atmosphere where other adults came to purchase and use cocaine, Petitioner's young children certainly would not recognize the grave danger presented either by ingesting a small amount of the readily accessible cocaine, or by accidentally or otherwise injecting themselves with one of the syringes full of liquid cocaine that was lying around. Under these circumstances, it is probable that Petitioner's children would physically injure themselves and that the resulting injury would create a reasonable risk of death.

We conclude that the trial court correctly determined that the evidence presented in both the co-defendant's and Petitioner's change of plea hearings provided a factual basis for Petitioner's guilty plea to child abuse pursuant to A.R.S. section 13–3623(B). Therefore, because Petitioner did not present

a colorable claim, the trial court did not abuse its discretion by dismissing Petitioner's second petition for post-conviction relief.

## CONCLUSION

For the foregoing reasons, we grant review but deny relief.

GERBER, P.J., and CONTRERAS, J., concur.