FILED BY CLERK

SEP 23 2013

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2013-0233-PR |
| | ) | DEPARTMENT B |
| Respondent, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| RAYMOND JOHN, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCONINO COUNTY

Cause No. CR201000425

Honorable Joseph J. Lodge, Judge

REVIEW GRANTED; RELIEF GRANTED

David Rozema, Coconino County Attorney
  By Serena Serassio                                                    Flagstaff
                                                     Attorneys for Respondent

H. Allen Gerhardt, Coconino County Public Defender
  By H. Allen Gerhardt                                                  Flagstaff
                                                      Attorneys for Petitioner

E S P I N O S A, Judge.

**¶1**        Raymond John petitions this court for review of the trial court's order denying his of-right petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  He argues the court erred in concluding the state had jurisdiction to prosecute him for failing to register as a sex offender because he is a member of the Navajo Nation residing on tribal land.  We will not disturb the court's ruling unless it clearly has abused its discretion.  *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007).  An error of law can constitute such an abuse.  *State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007).  Because the state could not impose on John a duty to register while he was residing on the Navajo reservation, we grant relief and remand the case to the trial court for further proceedings.

## Background

**¶2**        In 1988 or 1989, John was convicted in federal court of two counts of sexual assault occurring within the reservation.  In 2010, he was arrested by the Coconino County Sheriff outside the Navajo Nation boundaries and charged with failure to register as a sex offender pursuant to A.R.S. § 13-3821.  He pled guilty to that offense, acknowledging at the plea colloquy that he had lived in Tuba City since 2008 but had not registered with the county sheriff within ten days of moving there.[1]  The trial court suspended the imposition of sentence and placed John on a ten-year term of probation.  He immediately sought post-conviction relief, arguing the state lacked subject-matter jurisdiction to charge him with failure to register as a sex offender because he is a

---

[1]Tuba City and its surrounding area are within the territory of the Navajo Nation and within Coconino County.  *See State v. Phillips*, 102 Ariz. 377, 380, 430 P.2d 139, 142 (1967) (court may take judicial notice of geographic facts).

member of the Navajo Nation living on tribal lands, and has not worked, resided, or attended school outside the reservation boundaries.[2]  The court summarily denied relief.

**Discussion**

¶3　　　　John's argument on review, like his argument below, is grounded in the federal government's plenary and exclusive power over Indian affairs; he asserts the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901–16962, does not confer jurisdiction on the State of Arizona to enforce state registration requirements on tribal lands.  We therefore begin our discussion with a brief outline of that act as it pertains here.  First, under SORNA, a sex offender must "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. § 16913(a).  The failure to do so is a federal crime.  18 U.S.C. § 2250.  SORNA further requires "[e]ach jurisdiction, other than a Federally recognized Indian tribe" to "provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with" the registration requirement.  42 U.S.C § 16913(e).

¶4　　　　The term "jurisdiction," as used in SORNA, includes a state as well as "a federally recognized Indian tribe," like the Navajo Nation, "[t]o the extent provided and subject to the requirements of" 42 U.S.C. § 16927.  42 U.S.C. § 16911(10)(A), (H); *see also United States v. Begay*, 622 F.3d 1187, 1194 (9th Cir. 2010) (Navajo Nation is "jurisdiction" under SORNA).  SORNA generally requires each jurisdiction to maintain a

---

[2]Before pleading guilty, John raised an essentially identical argument in a motion to dismiss, which the trial court denied, and in a petition for special action filed in this court, over which we declined to accept jurisdiction.

sex offender registry in accordance with its provisions and federally issued guidelines. 42 U.S.C. § 16912. Pursuant to 42 U.S.C. § 16927(a)(1), an Indian tribe may elect to implement a registration system or to delegate its functions "to another jurisdiction or jurisdictions within which the territory of the tribe is located and to provide access to its territory and such other cooperation and assistance as may be needed to enable such other jurisdiction or jurisdictions to carry out and enforce the requirements of this part." "A tribe shall be treated as if it had" delegated its functions if, relevant here, the tribe makes no election "within 1 year of July 27, 2006 or rescinds an election" or "the Attorney General determines that the tribe has not substantially implemented the requirements of this part and is not likely to become capable of doing so within a reasonable amount of time." 42 U.S.C. § 16927(a)(2). It is undisputed that, at the time of John's alleged offense, although the Navajo Nation had timely elected to implement a SORNA-compliant sex offender registration system, it had not yet done so. *See Begay*, 622 F.3d at 1191-92. Nothing in the record presented, however, suggests that the Attorney General made a finding under 42 U.S.C. § 16927(a)(2)(C).[3]

¶5 A necessary backdrop to the remainder of our analysis is the unique legal position occupied by Indian tribes. They "retain 'attributes of sovereignty over both their members and their territory,'" although there are circumstances under which state law

---

[3]It appearing the Navajo Nation has not implicitly delegated to Arizona any of its obligations under SORNA, we need not resolve whether Arizona's not having implemented SORNA affects any authority that could arise under 42 U.S.C. § 16927(a)(2). *See* Press Release, United States Dep't of Justice, Pa., U.S. V.I. Latest of 55 Jurisdictions to Substantially Implement Provisions of the Adam Walsh Act (Sept. 27, 2012), *available at* http://www.ojp.usdoj.gov/newsroom/pressreleases/2012/ojppr092712.pdf.

can apply to tribal territory and members. *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142 (1980), *quoting United States v. Mazurie*, 419 U.S. 544, 557 (1975). A state's attempt to exercise authority over tribal lands or members may be preempted by federal law, or it may be prohibited because it "unlawfully infringe[s] 'on the right of reservation Indians to make their own laws and be ruled by them.'" *Id.*, *quoting Williams v. Lee*, 358 U.S. 217, 220 (1959). And "[a] state 'presumptively lacks jurisdiction to enforce' its regulations in Indian country." *Mich. Gambling Opposition v. Kempthorne*, 525 F.3d 23, 39 (D.C. Cir. 2008), *quoting Narragansett Indian Tribe v. Narragansett Elec. Co.*, 89 F.3d 908, 915 (1st Cir. 1996).

¶6         "State jurisdiction is preempted by the operation of federal law if it interferes or is incompatible with federal and tribal interests reflected in federal law, unless the State interests at stake are sufficient to justify the assertion of State authority." *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 334 (1983). That analysis necessarily must consider the "traditional notions of Indian sovereignty" as well as the tribes' and federal government's "goal of promoting tribal self-government." *Id.* at 334-35. It is without question that the state has a strong interest in the registration and monitoring of convicted sex offenders. That interest is furthered by application of state registration laws to tribal members residing in tribal lands within the state.

¶7         It is equally apparent, however, that the general application of state registration laws in these circumstances is inconsistent with SORNA, which unambiguously dictates the circumstances under which the state may impose registration requirements upon tribal members on tribal land. That is, the state may only do so if the tribe has failed to elect to implement its own registration system, if the tribe has expressly delegated that authority to the state, or if the Attorney General has found that a tribe that

5

has elected to implement its own system has nonetheless failed to do so and "is not likely to become capable of doing so within a reasonable amount of time." 42 U.S.C. § 16927(a)(2). And the state's interest is significantly mitigated here because a tribal member on tribal land convicted of a sex offense was, at the time of John's alleged offense, nonetheless required by federal law to register as a sex offender. *See Begay*, 622 F.3d at 1199.

¶8 The state asserts, however, that it acquired "personal jurisdiction" over John "the moment that he step[ped] off the reservation and retained subject matter jurisdiction over [him] from the moment he moved back into the county and failed to register within 10 days." We disagree with the latter contention. John's conviction is based entirely on conduct occurring within the Navajo Nation's territory—his residency there—and, in light of SORNA's preemption of state law requiring registration by tribal members residing on tribal lands, the state could not impose a duty on John to register based on his residence in tribal territory.[4] *See State v. Atcitty*, 215 P.3d 90, 91-92 & 98 (N.M. Ct. App. 2009) (although defendants arrested outside reservation, because "the State's regulatory authority does not reach into Indian country to impose a duty [to register as a sex offender], failure to comply with the duty cannot be a crime"). Moreover, the state sex offender registration system is a regulatory scheme and presumptively does not apply to tribal members on tribal land. *See State v. Noble*, 171

---

[4]We recognize that, as a general matter, a tribal member on tribal land is still a resident of the state and within the state's territorial borders. *See State v. Zaman*, 194 Ariz. 442, ¶ 13, 984 P.2d 528, 530 (1999). But that fact does not affect our determination that SORNA has preempted the exercise of state law to impose a duty to register based on a tribal member's residence on tribal land.

Ariz. 171, 178, 829 P.2d 1217, 1224 (1992) ("Arizona's sex offender registration statute . . . is regulatory in nature"); *Mich. Gambling Opposition*, 525 F.3d at 39.

¶9 Nor do we agree with the state that *Begay* supports a different conclusion. In that case, the Ninth Circuit Court of Appeals determined that Navajo Nation members living in tribal territory were required to register in Arizona and that their failure to do so would violate 18 U.S.C. § 2250. 622 F.3d 1187. But nothing in that decision suggests those members were required by state law to register or would be subject to prosecution under state law for failing to do so.

## Disposition

¶10 For the foregoing reasons, we conclude that, absent an effective election by the tribe or a finding by the Attorney General pursuant to 42 U.S.C. § 16927, a tribal member residing on tribal land in Arizona cannot be prosecuted under state law for failing to register as a sex offender.[5] We therefore grant review and relief, and remand the case to the trial court for further proceedings consistent with this decision. Such proceedings may include an evidentiary hearing for John to demonstrate he is a member

---

[5]John pled guilty to the offense and thus has generally waived all non-jurisdictional defects. *See State v. Flores*, 218 Ariz. 407, ¶ 6, 188 P.3d 706, 708-09 (App. 2008). However, although he couches his argument in terms of subject matter jurisdiction, we need not determine whether the issue here involves the state's jurisdiction to prosecute him for failing to register. *See State v. Verdugo*, 183 Ariz. 135, 137, 901 P.2d 1165, 1167 (1995) ("In Arizona, the general rule is that the state has subject matter jurisdiction to prosecute crimes committed within its territorial borders."); *but see Atcitty*, 215 P.3d at 98 (federal law does not generally permit state to assert "jurisdiction in Indian country" and enforce state sex-offender registration requirements). Irrespective of the jurisdictional question, the factual basis for John's guilty plea does not describe a criminal offense because the state could not impose on him a duty to register. Like a jurisdictional defect, that flaw also affords John post-conviction relief. *See State v. Johnson*, 181 Ariz. 346, 348, 890 P.2d 641, 643 (App. 1995) (addressing factual basis of plea in post-conviction proceeding).

7

of the Navajo Nation and for the state to show that the Attorney General has made the requisite finding, if that is the case.

/s/ Philip G. Espinosa
_____
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ Virginia C. Kelly
_____
VIRGINIA C. KELLY, Presiding Judge

/s/ Peter J. Eckerstrom
_____
PETER J. ECKERSTROM, Judge