IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTY SIMENTAL, *Appellant*.

No. 1 CA-CR 23-0525
FILED 01-30-2025

_____

Appeal from the Superior Court in Maricopa County
No. CR1991-008017
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

_____

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Christine A. Davis, Jason Easterday
*Counsel for Appellee*

Sandra Day O'Connor College of Law, Phoenix
By Randal McDonald, Robert J. Dormady, Andi Humphreys,
Jill Logan (certified limited practice student), Connie Que (certified
limited practice student)
*Counsel for Appellant*

---

**OPINION**

Vice Chief Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**　　　　Christy Simental appeals the trial court's denial of her petition to expunge a past marijuana conviction. She argues (1) the trial court may not rely on a grand jury transcript containing hearsay in determining whether an offense is eligible for expungement under A.R.S. § 36-2862, (2) the trial court improperly shifted the State's burden of proof onto her, and (3) she was entitled to an evidentiary hearing regardless whether she requested one. We reject her arguments and affirm the court's denial of Simental's petition.

**¶2**　　　　The trial court can consider the extended record in post-conviction proceedings. *See State v. Johnson*, 181 Ariz. 346, 349 (App. 1995) (explaining that the trial court may review the extended record to determine a factual basis for a guilty plea). We now clarify that the trial court may similarly review the extended record when deciding if a marijuana offense is eligible for expungement. This may include review of documents containing hearsay, such as a grand jury transcript, especially when the amount of marijuana involved in the underlying offense is not otherwise identified.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**　　　　In 1992, Simental pled guilty to possession of marijuana for sale, in an amount less than one pound, a class four felony. The trial court suspended the imposition of sentence and placed her on a four-year probation term. The court revoked her probation when she was found guilty of two counts each of first-degree murder and kidnapping in 1995. *See State v. Simental*, 1 CA-CR 96-0067 & -0092 (Ariz. App. July 11, 1996) (mem. decision).

**¶4**　　　　In August 2023, Simental petitioned for expungement of her 1992 marijuana conviction under A.R.S. § 36-2862(A)(1). Simental did not request an evidentiary hearing. The State opposed the petition, requesting

that the trial court review the grand jury transcript from Simental's marijuana case. As documented in that transcript, an officer testified that Simental had told him she possessed marijuana. The officer testified that, after a search of the bedroom "where [Simental] indicated the marijuana was," officers found 102 grams of marijuana. This amount is just over three and one-half ounces, or one ounce more than the statute's two and one-half ounce threshold for offenses to be eligible for expungement. *See* A.R.S. § 36-2862(A)(1). The trial court reviewed this transcript and found that Simental possessed an amount of marijuana greater than two and one-half ounces, meaning her marijuana possession conviction was not eligible for expungement. The court therefore denied her petition. Over a month elapsed between the State's response encouraging the trial court to review the grand jury transcript and the court's denial of Simental's petition. Simental never objected during this time. Simental now appeals, and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), 36-2862(F).

## DISCUSSION

**¶5**        Simental challenges the denial of her expungement petition, arguing that the trial court (1) should not have relied on the grand jury testimony in evaluating the amount of marijuana at issue, (2) improperly shifted the prosecution's burden of proof, and (3) should have held an evidentiary hearing. This Court reviews the denial of a petition for expungement for an abuse of discretion but reviews issues of statutory interpretation de novo. *State v. Ibarra*, 254 Ariz. 320, 323 ¶ 5 (App. 2022).

**¶6**        When evaluating a petition for expungement, the trial court "must grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the offense is not eligible for expungement *or* if the court finds that the offense identified in the petition is not eligible for expungement." Ariz. R. Crim. P. 36(d)(3) (emphasis added). The trial court acts as a "gatekeeper," making the initial eligibility determination. *State v. Cisneros*, 255 Ariz. 564, 568 ¶ 18 (App. 2023). Here, the trial court reviewed the grand jury transcript showing that Simental admitted to possessing marijuana that the officers later found weighed 102 grams. This being more than the expungable amount, the court determined that Simental's offense was not eligible for expungement under A.R.S. § 36-2862. Simental characterizes this transcript as inadmissible hearsay and argues that the State failed to rebut the presumption in favor of expungement with any admissible evidence.

3

¶7          Simental correctly notes that this Court held in *State v. Santillanes* that "courts may consider any *admissible* evidence the State presents regarding a petitioner's ineligibility for expungement." 254 Ariz. 301, 308 ¶ 33 (App. 2022) (emphasis added), *vacated in part on other grounds*, 256 Ariz. 480 (2024). But the trial court may consider the extended record in post-conviction proceedings. *See Johnson*, 181 Ariz. at 349 ("[C]ourts reviewing the factual basis of a guilty plea should be allowed to examine numerous sources in order to promote substantial justice."); *see also State v. Salinas*, 181 Ariz. 104, 106 (1994) (explaining that the evidence to support a guilty plea "may be derived from any part of the record including presentence reports, preliminary hearing transcripts, or admissions of the defendant"). And when determining the factual basis of a guilty plea, "the court may consider the defendant's statements, police reports, *certified transcripts of grand jury proceedings*, or other satisfactory information." Ariz. R. Crim. P. 17.3 (emphasis added). As this Court recognized in *Santillanes*, the trial court may extend its inquiry "especially where [] the petitioner's plea agreement and factual basis are silent as to the amount of marijuana involved in the underlying offense." 254 Ariz. at 308 ¶ 33. This Court has allowed the trial court to consider other documents commonly containing hearsay (a police report, original charging documents, and a presentence report) to determine a petitioner's eligibility for expungement. *Id.* at 307 –308 ¶¶ 26, 33; *see also Ibarra*, 254 Ariz. at 325 ¶ 13 (referencing the plea agreement, transcript of the change-of-plea hearing, and grand jury transcript in reversing the trial court's denial of an expungement petition).

¶8          Simental herself points out that the indictment, plea agreement, change of plea minute entry, and sentencing order all fail to specify an amount of marijuana beyond "less than one pound." Given this lack of specificity, the trial court reviewed the grand jury transcript to determine the basis for the plea and its eligibility for expungement. The trial court did not abuse its discretion by doing so.

¶9          Simental also argues that the court improperly shifted the burden of proof to the defense by noting that her motion "inaccurately" stated the threshold amount. The court "may independently deny the petition if it finds 'the offense identified in the petition is not eligible for expungement.'" *Cisneros*, 255 Ariz. at 568 ¶ 18 (quoting Ariz. R. Crim. P. 36(d)(3)). In doing so, the trial court may make both findings of fact and conclusions of law without altering the burden of proof. *Id.* By statute, the court is required to make such findings. A.R.S. § 36-2862(B)(4); *see also Santillanes*, 254 Ariz. at 308–309 ¶¶ 34–35 (vacating the trial court's expungement order for failure to include findings of fact and conclusions of law). The trial court made the required findings of fact and conclusions

of law and did not shift the burden of proof to the defense by noting that Simental's petition "inaccurately" stated the law.

¶10 Finally, Simental argues that the trial court erred by failing to hold an evidentiary hearing. "[T]ypically, failure to request a hearing will lead to waiver of the claim on appeal." *Santillanes,* 254 Ariz. at 307–308 ¶ 28. Simental did not request a hearing; thus, the issue is waived. Regardless, when a petitioner requests expungement,

> [t]he court *may* hold a hearing:
>
> (a) On the request of either the petitioner or the prosecuting agency.
> (b) If the court concludes there are genuine disputes of fact regarding whether the petition should be granted.

A.R.S. § 36-2862(B)(2) (emphasis added). "[The] use of the word 'may' generally indicates permissive intent . . . while 'shall' generally indicates a mandatory provision." *Walter v. Wilkinson*, 198 Ariz. 431, 432 ¶ 7 (App. 2000) (citations omitted). As here, when a statute uses both "may" and "shall" we infer that they carry their ordinary meanings. *Id.* Given that the statute says the court "may" hold a hearing, the trial court has discretion to determine if a hearing is necessary to resolve any genuine disputes. A.R.S. § 36-2862(B)(2).

¶11 Citing *Santillanes*, Simental argues "[t]his Court has held that when the State objects to a petition for expungement, it creates a genuine dispute of fact as to whether the petitioner is entitled to the expungement." But this mischaracterizes *Santillanes*. In *Santillanes* this Court stated "[h]ere, when the State objected to Santillanes's petition, it created a 'genuine dispute [] of fact' as to Santillanes's eligibility for expungement, and without a hearing, the court had insufficient evidence to resolve the dispute." 254 Ariz. at 308 ¶ 30. This does not mean the State's objection will necessarily create a genuine issue of material fact requiring an evidentiary hearing in every case but rather that "here" (in Santillanes's case) the court had insufficient evidence to resolve the dispute raised by the objection without an evidentiary hearing. *Id.* The court need only hold a hearing when it otherwise has insufficient evidence to resolve a dispute. *Id.*

¶12 Regarding Simental's petition, the grand jury testimony provided sufficient evidence for the trial court to determine that she possessed more than two and one-half ounces of marijuana. The transcript provides that she told officers that marijuana was in a bedroom. They then searched the bedroom "where she indicated the marijuana was" and found

102 grams of marijuana. This was sufficient to dispel any genuine issues of material fact. This Court's general guidance that "when the State objects to an expungement, the superior court *should* hold an evidentiary hearing before deciding the petition" is not a command for the trial court to hold an evidentiary hearing every time the State objects. *Id.* at 308 ¶ 29 (emphasis added). Although the trial court could have done so, it was not compelled to hold an evidentiary hearing.

¶13　　　　Simental also argues the trial court was obliged to hold an evidentiary hearing because the State requested one. The State's response to the petition to expunge states "[i]f the Court does not deny the petition based on the pleadings, the State requests an evidentiary hearing." The trial court ruled on the pleadings however, mooting this alternative request. As such, the court did not abuse its discretion by not holding an evidentiary hearing.

## CONCLUSION

¶14　　　　For the reasons stated above, we affirm.

